Gerald SCHAFER, Plaintiff,

v.

BOARD OF PUBLIC EDUCATION OF THE SCHOOL DISTRICT OF PITTSBURGH, et al.

Civ. A. No. 86–2722.

United States District Court, W.D. Pennsylvania.

Sept. 14, 1989.

Edward Feinstein, Pittsburgh, Pa., for plaintiff Gerald Schafer.

Robert Durrant and Robert J. Stefanko, Pittsburgh, Pa., for defendant Pittsburgh Bd. of Public Educ.

Sandra Kushner, Pittsburgh, Pa., for defendant Pittsburgh Fed. of Teachers Local # 400.

## MEMORANDUM ORDER

D. BROOKS SMITH, District Judge.

This matter began as a Title VII sex discrimination action brought by the United States on behalf of the Equal Employment Opportunity Commission which challenged certain maternity leave provisions in the

collective bargaining agreement between the Pittsburgh Board of Education and several unions representing teachers and school staff personnel. That litigation terminated in a consent decree, entered March 13, 1987, per Honorable Hubert I. Teitelbaum, which in relevant part required the Pittsburgh Board of Education and Local 400, American Federation of Teachers, to amend the maternity leave provisions of the collective bargaining agreement to grant maternity leave to both male and female employees. Compare Plaintiff's Motion for Summary Judgment, Exhibit "6", Collective Bargaining Agreement September 1, 1980–September 4, 1983, Article 31.3, with Consent Decree, Appendix 1, Collective Bargaining Agreement September 3, 1985—September 4, 1988, Article 32.3.

Plaintiff, Gerald Schafer, alleging that in 1981 he had been forced to resign from his position as a teacher in the School District of Pittsburgh because the collective bargaining agreement between his union, Local 400, and the Pittsburgh Board of Education did not permit him to take an extended leave of absence to care for his newborn child, petitioned and was granted plaintiff-intervenor status. He alleges that the denial of his requested leave of absence violated Title VII, because under the collective bargaining agreement a leave of absence would be granted to a female employee. Local 400 and the Board of Education now move for summary judgment.

Defendants raise a variety of affirmative defenses, but for purposes of the instant motion rely only on the Pregnancy Discrimination Act of 1978, codified at 42 U.S.C. § 2000e(k). They argue that the PDA, as interpreted by the Supreme Court in *California Federal Savings & Loan Association v. Guerra*, 479 U.S. 272, 107 S.Ct. 683, 93 L.Ed.2d 613 (1987) and by the Sixth Circuit in *Harness v. Hartz Mountain Corp.*, 877 F.2d 1307 (6th Cir.1989), permits favorable treatment of pregnant females. Although *Harness* was, strictly speaking, an interpretation of Kentucky state law, defendants' reliance on *Guerra* is well placed. The majority in *Guerra* held that Title VII as amended by the PDA does not preempt a state statute mandating limited favorable treatment of pregnant employees, and held by a narrower majority that limited preferential treatment of pregnant employees would not violate Title VII. *Guerra*, therefore, compels the question which the consent decree left unanswered: does unpaid maternity leave granted only to female employees in the bargaining unit violate Title VII? We think not.

We first must emphasize that our concern here is with maternity leave. Plaintiff has attempted to characterize Article 31.3 of the 1980–83 agreement as a fringe benefit, which generically it is, and as childrearing leave, which it is not. Article 31.3 refers to leave taken by a pregnant teacher after childbirth; its maximum duration of one (1) year does not convert a contract provision dealing with childbirth into one dealing with childrearing. That the parties to the collective bargaining agreement knew how to distinguish between the effects of childbirth and the consequences of childrearing is evident from examination of Article 31.4, which grants to both male and female teachers leaves of absence for adoptions. Article 31.3 simply allows a pregnant teacher one of two options: to take an unpaid maternity leave up to a maximum of one (1) year, Article 31.3a, b, d, or to use accumulated paid sick leave during a period of physical disability and immediately thereafter, up to a maximum of one (1) year, take an unpaid leave, Article 31.3.c. The provision of this flat one year period for recovery from childbirth despite the necessity for a showing of continuing disability in other cases is precisely that limited accommodation of pregnancy which *Guerra* allows.

Plaintiff's complaint is dismissed. Summary judgment is granted in favor of defendants. The Clerk shall mark this matter closed.